IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LORRAINE GEORGE and AUDREY MCNAIR,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **SCHOLAR CRAFT PRODUCTS, INC.,** ) <br> ) <br> Defendant. ) | Civil Action Number <br> 01-C-2128-S |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this case alleging sexual harassment in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"), Defendant Scholar Craft Products, Inc. ("Scholar Craft") has moved for summary judgment. Based on the undisputed facts, the Court finds and concludes that the Defendant is entitled to judgment as a matter of law.

### A. Findings of Undisputed Facts

1. Plaintiffs Lorraine George and Audrey McNair had employment contracts with the Accustaff, a temporary employment agency. Plaintiffs are sisters. Accustaff assigned them to work at Scholar Craft in June of 1999 as temporary employees.

2. Plaintiffs were assigned to work in Scholar Craft's Inserting and Gliding Department, where their immediate supervisor was Larry Geter.

3. Scholar Craft has a written sexual harassment policy, which was included in its Employee Handbook. The Policy provides, in relevant part:



> It is the policy of Scholar Craft Products, Inc. to strictly prohibit any conduct which constitutes sexual harassment and to discipline any employee guilty of committing such conduct. ....
>
> Sexual harassment is defined as sexual advances, requests for sexual favors and any other conduct of sexual nature (including explicit language, jokes, etc.) when
>
>> (1) The employee must submit to the offensive conduct as an explicit or implicit condition of employment.
>> ....
>>
>> (3) The employee's job performance is interfered with as a result of the offensive behavior, or the work atmosphere becomes hostile and intimidating.
>
> Any employee who believes he or she has been subjected to sexual harassment shall immediately report the conduct to the plant manager who will investigate the incident thoroughly and will present it to the President who will decide the appropriate discipline which the situation warrants. This could include termination. ....

4. Geter sexually harassed Plaintiff George on five occasions between September 1999 and April 2000. Geter made inappropriate sexual comments to George on three occasions. On the other two occasions, Geter offensively touched her body.

5. Geter sexually harassed Plaintiff McNair on three occasions by making unwelcomed sexual comments, beginning in January 2000.

6. In April 2000, Geter hit George in the eye. George complained about this incident to Geter's immediate supervisor, Bob McLemore, and to Scholar Craft's Vice President, Clint Hobbs. She did not contend that Geter had sexually harassed her by hitting her in the eye.

7. Scholar Craft considered the April 10 incident to be horseplay. Geter was suspended for one day as discipline for the horseplay.

8. In June 2000, Plaintiffs complained about Geter's sexual harassment for the first time to

2

a Scholar Craft manager, Clint Hobbs.

9. Hobbs took notes of Plaintiffs' allegations. He then investigated the complaints. Geter denied the complaints.

10. On receipt of the sexual harassment complaints Hobbs suspended Geter from work for one week without pay, pending further investigation.

11. Hobbs interviewed several other employees as a part of his investigation, but was unable to corroborate Plaintiffs' allegations.

12. In response to the sexual harassment complaints, Scholar Craft transferred both of the Plaintiffs from Geter's supervision and placed them under female supervisors.

13. Geter did not sexually harass either Plaintiff after they had been transferred from his supervision..

14. Plaintiff McNair was absent seven times and late three times during the period that she was assigned to Scholar Craft as a temporary employee.

15. Plaintiff George was absent six times and late eight times during the period that she was assigned to Scholar Craft as a temporary employee.

16. In August 2000, Scholar Craft offered permanent employment to several of the temporary employees provided by Accustaff to Scholar Craft.

17. Scholar Craft did not offer permanent employment to either of the Plaintiffs.

19. Scholar Craft maintains that it did not offer permanent employment to the Plaintiffs because of their poor attendance records.

20. There is no evidence that the Accustaff temporaries who were offered permanent employment by Scholar Craft had attendance records worse than or equal to those of the Plaintiffs.

## B. Conclusions

1. Plaintiffs were subjected to a sexually hostile work environment at the Scholar Craft facility. *Gupta v. Florida Board of Regents*, 212 F.3d 571, 582 (11th Cir. 2000)(quoting *Burlington Industries, Inc. v. Ellereth,* 524 U.S. 742, 751 (1998).

2. Defendant Scholar Craft had in place a sexual harassment policy intended to prevent and promptly correct sexually harassing behavior. *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998). *Dees v. Johnson Controls World Services,* 168 F. 3d 417, 422 (11th Cir. 1999).

3. Defendant Scholar Craft took prompt corrective action as soon as it was given notice by the Plaintiffs of its supervisor Geter's sexually harassing conduct.

4. Plaintiffs unreasonably failed to promptly take advantage of Scholar Craft's sexual harassment policy. They did not report the sexually harassing conduct and speech until ten months after it commenced. Had they taken advantage of the policy as soon as the harassing conduct started, the offensive conduct would have ended immediately.

5. Defendant is entitle to judgment as a matter of law. *See Earley v. Champion Int'l. Corp.,* 907 F. 2d 1077, 1081 (11th Cir. 1990); *Chapman v. AL Transport,* 229 F.3d 1012, 1026 (11th Cir. 2000).

By separate order, summary judgment shall be granted in favor of Defendant.

Done this 28th day of February, 2003.

_U. W. Clemon_
Chief United States District Judge
U. W. Clemon

4